NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO ABREU ACEVES, AKA
Armando Abreu,

Plaintiff-Appellant,

v.

G. JAIME, Associate Warden at Kern
Valley State Prison; et al.,

Defendants-Appellees.

No.    18-15392

D.C. No. 1:16-cv-00715-DAD-
BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

California state prisoner Armando Abreu Aceves, aka Armando Abreu,

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983

action alleging retaliation and deliberate indifference to his safety. We have

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal for failure to state a claim under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Abreu's Eighth Amendment deliberate indifference claim because Abreu failed to allege facts sufficient to show that defendants acted with deliberate indifference to a substantial risk of serious harm to his safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate . . . safety").

The district court properly dismissed Abreu's First Amendment retaliation claim because Abreu failed to allege facts sufficient to show a causal connection between his protected conduct and the adverse action.  *See Watison*, 668 F.3d at 1114 (elements of First Amendment retaliation claim in prison context).

**AFFIRMED.**

18-15392